UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONTE MARQUEE SMITH,

       Plaintiff,

  v.

SUZI R. HIBBARD,

       Defendant.

Case No. 16-cv-02637-PJH

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

United States District Court
Northern District of California

      Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.   He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. . . .   Factual allegations must be enough to

raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state

a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme

Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal

conclusions can provide the framework of a complaint, they must be supported by factual

allegations.  When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements:  (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged deprivation was committed by a person acting under the

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.　　　**LEGAL CLAIMS**

　　　　Plaintiff alleges that the probation officer preparing his probation report following

his conviction improperly labeled him as a gang member.

　　　　Absolute judicial immunity from damage actions under Section 1983 extends "not

only to judges but also to officers whose functions bear a close association to the judicial

process."  *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir.1985, as amended Jan. 24, 1986).

The determination of whether an officer falls within the scope of absolute judicial

immunity "turns on the nature of the responsibilities of the officer and the integrity and

independence of his [or her] office."  *Id.*

　　　　The Ninth Circuit has held that probation officers preparing presentencing reports

for state court judges are entitled to absolute judicial immunity from personal damage

actions brought under Section 1983.  *Id.* at 158.  The Ninth Circuit based its holding on

the fact that probation officers preparing presentencing reports act "as an arm of the

sentencing judge,'" and under a duty to engage in impartial fact-finding for that judge. *Id.* at 157 (citations omitted). In addition, the Ninth Circuit observed that "a plethora of procedural safeguards surround the filing of the presentencing report," including the fact that the report is reviewed by the sentencing judge and is made available to defense counsel prior to the sentencing hearing. *Id.* at 158.

In a probation report prepared on January 16, 2015, defendant noted that plaintiff had a tattoo, "MOB", which was indicative of participation in the "Money Over Bitches" street gang. Complaint at 3, 27. Defendant concluded that plaintiff had an affiliation with that gang. *Id.* at 32. When plaintiff was transferred to state prison, the California Department of Corrections and Rehabilitation ("CDCR") classified plaintiff as a gang member. Plaintiff states the gang classification by CDCR was solely due to the probation report. On March 4, 2016, the Superior Court judge agreed to strike the gang references from the probation report. *Id.* at 3. Plaintiff states that CDCR has not adjusted his classifications status. The only defendant in this case is the probation officer from Contra Costa County who prepared the report and for relief plaintiff seeks money damages.

The defendant prepared the probation report pursuant to statutory duty and at the court's direction. *See* Cal. Pen. Code § 1203(b)(1) (after a person is convicted and before judgment, "the court shall immediately refer the matter to a probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person . . ."); *see also County of Placer v. Super. Ct.*, 130 Cal. App.4th 807, 813–14 (2005) (explaining that when probation is granted the probation department acts an "arm or instrument of the court" and "in serving the court, the probation department must remain independent of prosecuting authorities") (citations omitted).

The function of the defendant probation officer in preparing a probation report in this case for the court was closely associated to the judicial process, and the probation officer is entitled to immunity from plaintiff's damages claim. *See Demoran*, 781 F.2d at 158. Plaintiff will be provided one opportunity to amend to address these legal standards.

United States District Court
Northern District of California

**CONCLUSION**

1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed no later than **July 5, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  June 3, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_02637_Smith_v_Hibbard_(PSP)\16-cv-02637-PJH-dwlta.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONTE MARQUEE SMITH,

       Plaintiff,

    v.

SUZI R. HIBBARD,

       Defendant.

Case No.  16-cv-02637-PJH

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on June 3, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donte Marquee Smith ID: AV9976
P.O. Box 5004
Calipatria, CA 92233


Dated: June 3, 2016


                      Susan Y. Soong
                      Clerk, United States District Court


                      By:_____
                      Nichole Peric, Deputy Clerk to the
                      Honorable PHYLLIS J. HAMILTON