UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE MARQUEE SMITH,<br>　　　　Plaintiff,<br>　　v.<br>SUZI R. HIBBARD,<br>　　　　Defendant. | Case No. 16-cv-02637-PJH<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that the probation officer preparing his probation report following his conviction improperly labeled him as a gang member.

Absolute judicial immunity from damage actions under Section 1983 extends "not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir.1985, as amended Jan. 24, 1986). The determination of whether an officer falls within the scope of absolute judicial immunity "turns on the nature of the responsibilities of the officer and the integrity and independence of his [or her] office." *Id*.

The Ninth Circuit has held that probation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from personal damage actions brought under Section 1983. *Id.* at 158. The Ninth Circuit based its holding on

2

the fact that probation officers preparing presentencing reports act "as an arm of the sentencing judge,'" and under a duty to engage in impartial fact-finding for that judge. *Id.* at 157 (citations omitted). In addition, the Ninth Circuit observed that "a plethora of procedural safeguards surround the filing of the presentencing report," including the fact that the report is reviewed by the sentencing judge and is made available to defense counsel prior to the sentencing hearing. *Id.* at 158.

In a probation report prepared on January 16, 2015, defendant noted that plaintiff had a tattoo, "MOB", which was indicative of participation in the "Money Over Bitches" street gang. Amended Complaint at 5, 31. Defendant concluded that plaintiff had an affiliation with that gang. *Id.* at 36. When plaintiff was transferred to state prison, the California Department of Corrections and Rehabilitation ("CDCR") classified plaintiff as a gang member. Plaintiff states the gang classification by CDCR was solely due to the probation report. On March 4, 2016, the Superior Court judge agreed to strike the gang references from the probation report. Amended Complaint at 7. Plaintiff states that CDCR has not adjusted his classifications status. The only defendant in this case is the probation officer from Contra Costa County who prepared the report and for relief plaintiff seeks money damages.

The defendant prepared the probation report pursuant to statutory duty and at the court's direction. *See* Cal. Pen. Code § 1203(b)(1) (after a person is convicted and before judgment, "the court shall immediately refer the matter to a probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person . . ."); *see also County of Placer v. Super. Ct.*, 130 Cal. App.4th 807, 813–14 (2005) (explaining that when probation is granted the probation department acts an "arm or instrument of the court" and "in serving the court, the probation department must remain independent of prosecuting authorities") (citations omitted).

The function of the defendant probation officer in preparing a probation report in this case for the court was closely associated to the judicial process, and the probation

3

officer is entitled to immunity from plaintiff's damages claim.  *See Demoran*, 781 F.2d at 158.  Plaintiff was granted an opportunity to amend to address the case law above and defendant's immunity.  The amended complaint contains similar allegations to the original complaint and only states that defendant is not absolutely immune.  Plaintiff's conlcusory allegations do not plausibly give rise to an entitlement to relief in light of the legal standards above.  *See Iqbal*, 556 U.S. at 679.  The complaint is dismissed for failure to state a claim.  Because allowing further amendment would be futile this case is dismissed with prejudice.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for failure to state a claim.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  October 4, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_02637_Smith_v_Hibbard_(PSP)\16-cv-02637-PJH-dis.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONTE MARQUEE SMITH,

    Plaintiff,

  v.

SUZI R. HIBBARD,

    Defendant.

Case No.  16-cv-02637-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donte Marquee Smith ID: AV9976
P.O. Box 5004
Calipatria, CA 92233

Dated: October 4, 2016

                                 Susan Y. Soong
                                 Clerk, United States District Court

                                 By:_____
                                 Nichole Peric, Deputy Clerk to the
                                 Honorable PHYLLIS J. HAMILTON